IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THOMAS ADAMS | ) | Civil Action/Case No. |
| | ) | |
| | ) | |
| | ) | Judge: |
| Plaintiff, | ) | |
| | ) | Magistrate Judge: |
| v. | ) | |
| | ) | |
| | ) | |
| VILLAGE OF KIRTLAND HILLS; | ) | |
| | ) | |
| VILLAGE OF KIRTLAND HILLS POLICE DEPARTMENT; | ) ) | |
| | ) | |
| OFFICER CLYDE NULL JR in his official capacity and individually; | ) ) | |
| | ) | **Complaint for Damages** |
| | ) | **Jury Demand Endorsed Herein** |
| CHIEF OF POLICE OF THE VILLAGE OF KIRTLAND HILLS; BARRY HENDRICKS in his official capacity and individually; | ) ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CIVIL RIGHTS COMPLAINT WITH DEMAND FOR TRIAL BY JURY

Plaintiff THOMAS ADAMS, by and through his attorneys, The DeBacco Law Office hereby brings this action under 42 U.S.C. § 1983 to redress his civil and legal rights and alleges as follows:

# I: INTRODUCTION

1. Each Paragraph in this Complaint incorporates all others.

2. This is an action brought by Thomas Adams to vindicate profound deprivations of his constitutional rights caused by the use of excessive force and police brutality as well as malicious prosecution and false arrest and imprisonment.

3. On August 19, 2016, Plaintiff, then 45 years of age, was driving his vehicle when he was stopped by Officer Clyde Null. During the course of this interaction, Mr. Adams without provocation or justification was beaten, inasmuch he suffered severe injury and damage to his head, face, eye, hands, wrists and arms, after having his head smashed against the concrete by Officer Null. The Plaintiff was clearly and openly verbally and mentally abused by Officer Null from the point of initial conduct throughout the entire interaction.

4. Pictures exist that show Mr. Adams injuries nearly 24 hours after the beating only as the Defendant took photographs after receiving medical treatment. The Police Department took no pictures of the Defendant after what they had done. It is the Police Department's normal policy to do so. Inexplicitly absent are pictures of Plaintiff.

5. In concert or conspiracy through ratification, Defendants then maliciously charged Mr. Adams with the serious offenses of Resisting Arrest, and OVI after Plaintiff was mentally, verbally and physically victimized by Officer Null.

# II. JURISDICTION, VENUE, AND NOTICE

6. This Action arises under 42 U.S.C. § 1983 and Ohio Law. This Court has Subject Matter Jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343(1) and (3) and This Court has subject matter jurisdiction over Plaintiff's pendent or supplemental state law claims under 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) in that the unlawful actions or omissions challenged by Plaintiff took place and are challenged herein occurred in the Northern District and 28 U.S.C. § 1391 (c) as all parties and entities named herein are located or reside in the Northern District.

### III. PARTIES

8. Plaintiff, Thomas Adams brings this action in his individual capacity. At all relevant times, Plaintiff was a resident of the State of Ohio and a Citizen of the United States.

9. At all times relevant hereto Defendant Null was a citizen of the United States and a resident of the State of Ohio, and was acting under the color of State law and village law in his capacity as a Police Officer and Agent employed by the Village of Kirtland Hills. Defendant Null is being sued individually inclusively.

10. Defendant, Village of Kirtland Hills, hereinafter "Defendant Village" is an Ohio municipality and is the legal entity responsible for itself and for the Kirtland Hills Police Department. The Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. 1983. Defendant Village is responsible for actions under a respondeat superior theory. Liability under Ohio Law for all government entities and/or employees is based upon clear Ohio precedent in *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245, 1246, 1248 (6th Cir. 1989) and

3

based on the principles set forth in *Monell v. New York City Department of Social Services.*

11. Defendant, Village of Kirtland Hills Police Department, hereinafter "Defendant Department" is the legal entity responsible for the individual Defendants named herein. The Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. 1983. Defendant Department is responsible for actions under a respondeat superior theory. Liability under Ohio Law for all government entities and/or employees is based upon clear Ohio precedent and *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245, 1246, 1248 (6th Cir. 1989) and based on the principles set forth in *Monell v. New York City Department of Social Services.*

12. At all times relevant hereto, Defendant Hendricks was a citizen of the United States and a resident of the State of Ohio. Defendant Hendricks is sued individually and in his official capacity as the Chief of Police of the Kirtland Hills Police Department, employed by the Defendant Village and was acting under color of state law or village law. On information and belief he also trained, supervised, and ratified the conduct of individual Defendant Null.

13. Defendants Village, Department, Defendant Hendricks and Defendant Null are properly sued under 42 U.S.C. 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practices, habits, customs, usages, training, and derelict supervision, ratification, acquiescence, and intentional failures which were moving forces in the complained of constitutional and statutory violations resulting in plaintiff's injuries.

4

14. The Defendant Village is also properly sued under 42 U.S.C. 1983 for the challenged delegated final decisions of Defendant Hendricks in his official capacity as the Chief of the Police Department, and for those of any final delegated decision makers, with respect to the herein after challenged deliberately indifferent policies, decision, widespread habits, customs, usages and practices.

## IV. STATEMENT OF FACTS

15. Plaintiff incorporates all of the preceding paragraphs, including the allegations in the Introduction, as if they were full set forth again at this point.

16. At the time Plaintiff was stopped and accosted by Defendant Null, there was an alleged investigation into a traffic incident. Defendant took down the Plaintiff, then the Plaintiff's head was repeatedly bashed against the roadway rendering him nearly unconscious and causing substantial injury. Plaintiff was at no time a threat, belligerent, loud, resistant, or menacing in any manner whatsoever toward Defendant Null.

17. In Defendant's angst to divert from liability for and to cover up his vicious attack on Plaintiff, and/or, on information or belief, Defendant charged the Plaintiff while lacking any probable cause, and officers next conspired and/or acted in concert, or had ratified the decision to have the Defendant arrested, detained and falsely prosecuted for criminal offenses he did not commit.

18. Plaintiff was unjustly handcuffed and arrested for Resisting Arrest, and Operating a vehicle while under the influence, however video evidence shows the contrary.

19. All of the above-described acts were done by the Defendant Null intentionally, knowingly, willfully, wantonly, maliciously and or recklessly in disregard for Plaintiff's federally protected rights, and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and Supervision of the Defendant Village and Defendant Hendricks acting under color of law.

## V. PLAINTIFF'S INDIVIDUAL CAUSE OF ACTION- 42 U.S.C. § 1983 AS TO DEFENDANT NULL: EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS.

20. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein.

21. 42 U.S.C. 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States of America or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

22. Plaintiff in this action is a citizen of the United States of America and all of the individual Defendants to this claim are persons for purposes of 42 U.S.C. 1983.

23. At all times relevant to this Complaint, Defendant Null was a Village actor by virtue of his employment with the Village of Kirtland Hills.

24. 42 U.S.C. § 1983 provides that no person, acting under the color of state law shall deprive a citizen of his rights arising under the Constitution or federal laws. This brutal beating constituted clear excessive force without justification against Plaintiff in violation of his Fourth and Fourteenth Amendment rights.

25. This conduct constituted clear assault and battery without justification against Plaintiff in violation of his Fourth and Fourteenth Amendment rights.

26. As a United States Citizen, and later as an arrestee, Plaintiff Adams was protected by the Fourth Amendment's protection against the use of excessive force.

27. Under the Fourth Amendment, law enforcement officers may only use reasonable force, that is, the amount of force that is reasonable to protect officers from a perceived threat. At the time of the complained events, Plaintiff had clearly established his constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force. No threat ever existed to Defendants as is clearly depicted in the video evidence.

28. Plaintiff had also clearly established his Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

29. The actions of Defendant Null were callous and gratuitous act(s) of brutality and violence that violated Plaintiff's Fourth Amendment right and Fourteenth Amendment right to be free from the use of excessive force.

7

30. As a direct and proximate result of the excessive force by Defendant Null, Plaintiff suffered compensable damages for physical pain and injuries, pain and suffering, severe emotional distress, fear, trauma, and humiliation; bruises and lacerations on his face and body, a closed head injury, and nerve damage to his head arms and hand.

31. Plaintiff Adams is also entitled to punitive damages and Attorney's fees because Defendant Null acted with willful, intentional, oppressive, purposeful, reckless, and callous indifference to Plaintiff's Fourth Amendment right to protection against the use of excessive force.

32. The acts or omissions of all individual Defendants were the only moving forces behind Plaintiff's injuries.

33. Defendant Null knew or should have known of these rights at the time of the complained of conduct as they were clearly established.

34. This individual Defendant is not entitled to qualified immunity for the conduct complained of.

35. As a direct and legal result of the Defendants' acts and omissions, Plaintiff has suffered damages including, but not limited to, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorney's fees, costs of suit, loss of earnings, and other pecuniary losses not yet identified.

## VI. PLAINTIFF'S INDIVIDUAL CAUSE OF ACTION- 42 U.S.C. 1983 AS TO DEFENDANT KIRTLAND HILLS POLICE CHIEF BARRY HENDRICKS AND DEFENDANT KIRTLAND HILLS POLICE DEPARTMENT: DELIBERATE INDIFFERENT POLICIES, PRACTICES CUSTOMS,

## TRAINING, SUPERVISION, IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

36. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein.

37. 42 U.S.C. 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States of America or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

38. Plaintiff in this action is a citizen of the United States of America and all of the individual Defendants to this claim are persons for purposes of 42 U.S.C. 1983.

39. The Defendant was at all times relevant hereto was acting under the color of state law.

40. Defendant, Kirtland Hills Police Chief Barry Hendricks, developed, maintained, or ratified policies, procedures, customs, and /or practices exhibiting deliberate indifference to the constitutional rights of citizens, in particular Plaintiff, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action differing from various available legal alternatives.

9

41. Defendant Hendricks has created and tolerated an atmosphere of brutality and lawlessness, and has developed and maintained long-standing, department-wide procedures, customs, practices, and/or failed to properly train and/or supervise officers in an appropriate manner; amounting in deliberate indifference to the constitutional rights of Plaintiff and the public.

42. In light of the duties and responsibilities of those police officers that participate in arrests, investigations and preparation of police reports on alleged crimes, the need for specialized training and supervision is so blatantly obvious, and the inadequacy of training and supervision is so likely to, and has, resulted in the violation of constitutional rights and federal rights such as those described herein that the failure of Defendant Hendricks to provide the proper training and supervision is deliberately indifferent to those rights.

43. The deliberately indifferent training and supervision provided or supervision not provided by Defendant Hendricks resulted from a conscious or deliberate choice to follow a course of action differing from various available legal alternatives available to the Kirtland Hills Police Department and were the moving force behind the injuries suffered by Plaintiff.

44. Defendant Hendricks clearly acted with Deliberate and conscious indifference by his failure to train officers in the proper use of reasonable force and by ratifying the use of excessive and gratuitous force against Plaintiff while acting under the color of state law.

## VI. PLAINTIFF'S INDIVIDUAL CAUSE OF ACTION- 42 U.S.C. 1983 AS TO DEFENDANT THE VILLAGE OF KIRTLAND HILLS AND DEFENDANT VILLAGE OF KIRTLAND HILLS POLICE DEPARTMENT UNDER MONELL AND LEACH.

45. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein.

46. The Village of Kirtland Hills directly and proximately caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of all other named Defendant/Officer under their employ. The conduct of the defendant officer was a direct consequence of policies and practices of Defendant Village of Kirtland Hills.

47. At all times relevant hereto the Village of Kirtland Hills employed Defendant Null who was acting under the color of law within the course and scope of his respective duties as a Village Officer with complete authority and ratification of Defendant.

48. At all times relevant to this complaint the Village of Kirtland Hills, acting through the Kirtland Hills Police Department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional and illegal conduct of the individual Defendant's named in this complaint, and was a direct and proximate cause of the damages and injuries complained of herein.

49. The Policies, practices and actions of the named Defendant officer in his official capacity as an employee of the Village and the Defendant officer's deliberate indifference in turn makes the Village liable for the injuries to Plaintiff. *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245, 1246, 1248 (6th Cir. 1989).

50. Based on the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), Village is liable for all injuries sustained by Plaintiff as set forth herein. Village bears liability because its policies, practices, customs, and/or usages complained of herein caused Plaintiff's injuries.

51. No qualified immunity exists.

### VII. PLAINTIFF'S INDIVIDUAL CAUSE OF ACTION- 42 U.S.C. § 1983 AS TO ALL DEFENDANTS: MALICIOUS PROSECUTION OF PLAINTIFF.

52. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein.

53. At the time of the complained of events, Plaintiff had clearly established his constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

54. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

55. Individual Defendants violated Plaintiff's Fourth Amendment and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, which were later ratified and not corrected by Defendant Village or Defendant Chief, thus resulting in his unlawful confinement and prosecution.

56. Defendant Null engaged in the conduct described by this complaint willfully, maliciously, and in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights. Defendants Chief Hendricks and the Village of Kirtland Hills accepted and ratified this conduct.

57. The procurement of prosecution against Mr. Adams for the known to be false allegations of Resisting Arrest, and Operating while under the influence were malicious, shocking, and totally unreasonable in light of the Assault of Plaintiff followed by the continued Assault of Plaintiff.

58. Defendants are not entitled to qualified immunity for the conduct complained of herein.

59. These individual Defendant Officers acted in concert and jointly with one another by creating these charges to cover their own bad acts.

60. The acts or omissions described herein were also moving forces behind Plaintiff's injuries.

61. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/village custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions regarding Plaintiff.

## VII. PLAINTIFF'S INDIVIDUAL CAUSE OF ACTION- 42 U.S.C. § 1983 AS TO ALL DEFENDANTS: FALSE ARREST AND FALSE IMPRISONMENT OF PLAINTIFF.

62. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein.

63. At the time of the complained of events, Plaintiff had clearly established his constitutional right to be free from false arrest and false imprisonment without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

64. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

65. Individual Defendants violated Plaintiff's Fourth Amendment and Fourteenth Amendment rights to be free from false arrest and false imprisonment without probable cause and without due process when they worked in concert to secure false charges against him, which were later ratified and not corrected by Defendant Village or Defendant Chief, thus resulting in his unlawful confinement and prosecution.

66. Defendant Null engaged in the conduct described by this complaint willfully, maliciously, and in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights. Defendants Chief Hendricks and the Village of Kirtland Hills accepted and ratified this conduct.

67. The false arrest and false imprisonment against Mr. Adams for the known to be false allegations of Resisting Arrest, and Operating while under the influence were malicious, shocking, and totally unreasonable in light of the Assault of Plaintiff followed by the continued Assault of Plaintiff.

68. Defendants are not entitled to qualified immunity for the conduct complained of herein.

69. These individual Defendant Officers acted in concert and jointly with one another by creating these charges to cover their own bad acts resulting in false arrest and false imprisonment of Plaintiff.

70. The acts or omissions described herein were also moving forces behind Plaintiff's injuries.

71. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/village custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions regarding Plaintiff.

## VIII: PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. Compensatory and consequential damages, including damages for emotional distress, loss of enjoyment of life, humiliation, and other pain and suffering on all claims above, allowed by law in an amount to be determined at trial.

B. Economic losses on all claims allowed by law;

C. Special damages in an amount to be determined at trial;

D. Punitive Damages on all claims allowed by law against all Defendants, and individual Defendants in an amount to be determined at trial;

E. Attorney's fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. Pre and post judgment interest at the current lawful rate; and,

G. Any further relief that this Court deems just and proper, and any other appropriate relief in law and equity.

## PLAINTIFF REQUESTS A TRIAL BY JURY

/s/ Thomas J. DeBacco
Thomas J. DeBacco (0022931)
Debaccolaw@gmail.com
Trial Attorney for Plaintiff
Patrick L. Mancinetti II (0084514)
Kristopher K. Hill (0085514)
Associate Attorneys for Plaintiff
DeBacco Law Office
1848 East Perry Street Suite 90
Port Clinton, OH 43452
(419) 734-1528 Telephone
(419) 732-6103 Office Admin.
(866) 596-1073 Facsimile